## Seabrook *versus* Moyer.

An eviction of a tenant, under a title paramount to that of his landlord, from a portion of demised premises when the tenant continues in possession of the remaining part, using and enjoying it, does not work a suspension of all subsequent rent, and the tenant is liable to his landlord, in an action for use and occupation, to the payment of such portion of the rent as the value of the part retained bears to the whole.

January 21st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of July Term 1878, No. 36.

Debt by Thomas Seabrook against Michael Moyer to recover the rent of certain premises leased to defendant.

There were two counts in the *narr.*, one on a demise at $250 a month and another for use and occupation. The defendant pleaded *nil debet* and payment, and specially, that he had been evicted from an alley-way, a portion of said premises.

The court, Fell, J., ordered a nonsuit, which the court in banc refused to take off, which was assigned for error. The remaining facts will be found in the opinion of this court.

*Charles Hart* and *Chapman Biddle*, for plaintiff in error.—The tendency of modern authority is to hold that where the tenant continues in possession of the residue, after eviction from part, he is liable on a *quantum meruit* for use and occupation. The original

[Seabrook *v.* Moyer.]

contract or lease is suspended, and therefore covenant will not lie, nor can the landlord distrain, for there is no certain sum due; but the tenant is liable for whatever may be the worth or value of the portion which he continues to occupy. This view of the law is supported by Lawrence *v.* French, 25 Wend. 443; Fitchburg Cotton Manufactory Corporation *v.* Melvin, 15 Mass. 268; Tomlinson *v.* Day, 2 B. & B. 680; Grand Canal *v.* Fitzimmons, 1 Hudson & Brooke 449; Blair *v.* Claxton, 18 N. Y. 529; Bennett *v.* Bittle, 4 Rawle 344; McClurg *v.* Price, 9 P. F. Smith 420.

Vermilya *v.* Austin, 2 E. D. Smith (N. Y.) 204, cited by the defendant in error, was afterwards taken up to the Court of Errors and Appeals, and under the name of Christopher *v.* Austin, is reported in 1 Kernan 218. That court, however, while affirming the lower tribunal, states the law applicable to a case like the present, as follows: "Where the tenant enters, but is prevented from obtaining the whole of the premises, by a person holding a part under a prior lease executed by the landlord, it has been placed upon the same footing as an eviction by title paramount, and the landlord has been permitted to recover for use and occupation on a *quantum meruit.*"

*E. Spencer Miller,* for defendant in error.—In Pennsylvania an eviction from part of the premises suspends the whole rent, and if the holding out continue to the end of the lease no rent can be recovered. The Pennsylvania cases are all to be found in an able opinion of Judge Allison's, reported 2 Brewster 524.

The case of McClurg *v.* Price, 9 P. F. Smith 420, though not a case of technical eviction, was treated as if it were, and it was expressly declared that the omission of the tenant to give up possession did not interfere with his right to defend against the entire rent.

Vermilya *v.* Austin, *supra,* decides that debt will not lie for use and occupation where there is a lease under seal.

Mr. Justice MERCUR delivered the opinion of the court, May 5th 1879.

This was an action of debt for the rent of certain premises demised by plaintiff to defendant. The term was for three years from January 1st 1874, at an annual rental of $3000, payable monthly. The *narr.* contained two counts, one on a demise at $250 a month, the other for use and occupation. The premises leased consisted of a building fronting on Market street, with a right of way over an alley, of three feet two inches in width, between the leased building and the adjoining property. The defendant took possession and paid the rent up to 1st February 1875. In that month the adjoining owner began to build, and in so doing he constructed a party-wall on eleven inches of this alley-way, thus reducing its width and also the width of the rooms in the second and third story of the building. This taking by the adjoining owner was by virtue of a written agreement entered

[Seabrook *v.* Moyer.]

into between him and the plaintiff before the execution of the lease between plaintiff and defendant. By the terms of that agreement the plaintiff and adjoiner had each relinquished to the other the right of way over the alley. In so far as the defendant was not deprived of the premises by this interference of the adjoining owner, he remained in possession of the building, but refused to pay any rent, claiming it to be such an eviction as discharged him from all obligation to pay. The plaintiff claimed the defendant remained liable on a *quantum meruit* for use and occupation. The court below ordered a judgment of nonsuit to be entered. That is assigned for error.

It is a well-settled rule that if a landlord wrongfully dispossesses his tenant of any portion of the demised premises the rent for the whole is thereby suspended. In the present case, the plaintiff committed no act after possession taken under the lease, by which his tenant was deprived of any part of the demised premises. On the contrary the evidence shows that he tried to prevent the eviction. His offence consisted in demising premises to the defendant to a portion of which he had no title at the time. The eviction of the defendant was by virtue of a title paramount to the title of his landlord. It matters not that the plaintiff had previously held it. At the time the lease was executed and the relation of landlord and tenant between the parties was created, the outstanding title of the adjoiner was as superior to the title of the plaintiff as if he had never held it. If the defendant had been evicted by paramount title, from the whole premises, he would have been discharged from the payment of the whole rent, after that time. But an eviction by such title, from a part only of the demised premises, when the tenant continues in possession of the remaining part, using and enjoying it, does not work a suspension of all subsequent rent. He remains liable to the payment of such proportion of the rent as the value of the part retained bears to the whole. On having been evicted from a part he might have removed from the residue and thereby wholly relieved himself from the payment of future rent; failing to do so, he became liable to a just apportionment. This conclusion is fully sustained in Taylor on Landlord and Tenant, § 378, and the English and American cases there cited.

Our own cases recognise the same rule when the landlord conveys a part of the demised premises during the term and possession of the tenant, and the vendee has entered and evicted the tenant from the part thus conveyed. By retaining possession of the remaining part he becomes liable to pay for the use of the portion thus retained. It is held not to be such a wrongful eviction by the landlord as to release the tenant from paying a just compensation for that which he continues to enjoy: Reed *v.* Ward, 10 Harris 144; Linton *v.* Hart, 1 Casey 193. The learned judge therefore erred in ordering a judgment of nonsuit.

Judgment reversed and a *procedendo* awarded.